UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20429-CIV-ZLOCH

SAMUEL JASMIN, et al.,

    Plaintiffs,

vs.                                                    **O R D E R**

J.C. PENNEY CORPORATION, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant J.C. Penney Corporation, Inc.'s Motion For Reconsideration Of Remand (DE 10). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    At the time of filing the Notice Of Removal (DE 1), the diversity of citizenship of the Parties to the above-styled cause was not reflected in the record. By its prior Order (DE 8), the Court remanded the above-styled cause based on the Court's lack of subject matter jurisdiction over the same. 28 U.S.C. § 1447(c). In the instant Motion (DE 10) Defendant moves the Court to reconsider its prior Order (DE 8) based upon the Deposition of Plaintiffs (DE 10, Ex. B) and the Affidavit of Defendant's Officer Jeffrey J. Vawrinek (DE 10, Ex. C).

    Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the notice of removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534 (1939). A case may only be removed to federal court if the federal court has jurisdiction over the action at the time it

is removed.  The record did not reflect that the Court had jurisdiction over the above-styled cause at the time the Notice Of Removal (DE 1) was filed.  Therefore, the Court properly remanded the action for lack of jurisdiction.  <u>See</u> 14C Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction 3d</u> § 3739 (1998)("[A] great many cases can be cited for the proposition that if federal subject matter jurisdiction by way of removal is doubtful, the case should be remanded to state court.").  Nothing in the instant Motion merits the Court now reconsidering its lack of jurisdiction of the above-styled cause at the time it was remanded.

Furthermore, by prior Order (DE 8), this Court entered a Final Order Of Remand pursuant to 28 U.S.C. § 1447(c) in which it found that the Parties to the above-styled cause lacked diversity of citizenship, and therefore the Court was without subject matter jurisdiction.  After the Order (DE 8) was entered, the Clerk of this Court transmitted a certified copy of the Order to the Clerk of the Eleventh Judicial Circuit Court, in and for Miami-Dade County, Florida.  <u>See</u> DE 9.  Subsequent to the transmission of said certified copy, Defendant filed the instant Motion For Reconsideration (DE 10) requesting that this Court vacate its prior Order.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  Where a district court remand order is based on subject matter jurisdiction as contemplated by § 1447(c), it is

2

unquestioned that "§ 1447(d) not only forecloses appellate review, but also bars reconsideration . . . by the district court [of its own remand order]."  Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992) (citation omitted).  The Court acted pursuant to § 1447(c), finding that it lacked subject matter jurisdiction over the above-styled cause.  Therefore, this Court is without jurisdiction to reconsider its prior Order (DE 28).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant J.C. Penney Corporation, Inc.'s Motion For Reconsideration Of Remand (DE 10) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this     14th      day of March, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record